# IN THE COURT OF APPEALS OF IOWA

No. 19-0664
Filed October 21, 2020

**SHARI M. HINTERMEISTER,**
    Plaintiff-Appellant,

**vs.**

**IOWA WORKFORCE DEVELOPMENT, Employment Appeal Board,**
    Defendant-Appellee.
_____

    Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


    Shari Hintermeister appeals the denial of her request for a second year of

unemployment benefits.  **AFFIRMED.**


    Shari M. Hintermeister, North Liberty, self-represented appellant.

    Rick Autry, Employment Appeal Board, Des Moines, for appellee.


    Considered by Tabor, P.J., and May and Greer, JJ.

**MAY, Judge.**

Shari Hintermeister appeals the denial of her request for a second year of unemployment benefits. She argues payments she received from her former employer as part of a separation agreement during her first benefit year should be considered when determining whether she qualifies for a second benefit year. We affirm.

Iowa Code section 96.4(4)(c) (2018) provides, "If the individual has drawn benefits in any benefit year, the individual must during or subsequent to that year, work in and be paid wages for insured work totaling at least eight times the individual's weekly benefit amount, as a condition to receive benefits in the next benefit year." We agree with Iowa Workforce Development and the Iowa Employment Appeal Board that the separation agreement payments paid to Hintermeister following her employment separation do not amount to "paid wages for insured work." *See* Iowa Code § 96.4(4)(c). So the payments should not be considered when determining Hintermeister's eligibility for a second benefit year. And Hintermeister cannot meet the threshold established in section 96.4(4)(c) absent the separation agreement payments.

So Hintermeister does not qualify for a second benefit year under the requirements of section 96.4(4)(c). We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(b), (d).

**AFFIRMED.**